UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PETRA ARIAS PEREZ,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, et al.,[1]<br><br>Respondents. | Case No. 2:25-cv-02558-TMC<br><br>ORDER GRANTING PETITION FOR<br>WRIT OF HABEAS CORPUS |

## I.   INTRODUCTION AND BACKGROUND

Petitioner Petra Arias Perez is an individual who entered the United States without inspection decades ago, was apprehended by Department of Homeland Security officials on December 2, 2025, and is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1 at 1–3. On January 6, 2026, Arias Perez requested a custody redetermination before an Immigration Judge ("IJ") and was denied on the basis that she is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 8 at 7–8. She received bond in the alternative in the amount of $8,000. *Id.* at 7.

---

[1] Kristi Noem, Secretary of the Department of Homeland Security, is substituted for Alejandro Mayorkas under Federal Rule of Civil Procedure 25(d). The Clerk is directed to amend the caption to reflect this change.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

On December 12, 2025, Arias Perez filed a petition for writ of habeas corpus, arguing that she was detained in violation of her due process rights. Dkt. 1 at 3. The same day, she moved for expedited briefing. Dkt. 2. The Court granted her request for a briefing schedule and ordered Respondents to file a return to the habeas petition no later than 14 days after receipt of the petition by the United States Attorney's Office, with any traverse due five days after that. Dkt. 4 ¶¶ 1–2. The Court further ordered Respondents to provide notice to Arias Perez and her counsel at least 48 hours before any effort to transfer Arias Perez out of NWIPC or remove her from the United States during the pendency of these habeas proceedings. *Id.* ¶ 5.

On December 30, 2025, Federal Respondent filed a return to the habeas petition. Dkt. 6. The next day, Arias Perez notified the Court of her upcoming bond hearing in the Tacoma Immigration Court and expressed an intent to supplement the habeas petition following that hearing. Dkt. 7 at 1. On January 6, 2026, she filed a traverse in which she argued, for the first time in these proceedings, that she has been unlawfully detained under § 1225(b)(2) and is instead entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 8 at 2–3. She attached a copy of the IJ's order denying her request for bond and setting an alternative bond amount. *Id.* at 7–8.

The case was then reassigned to the undersigned District Judge. Dkt. 9. The Court permitted Respondents to file a supplemental brief addressing the new arguments raised in the traverse. Dkt. 10. On January 16, Respondents did so. Dkt. 11.

The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

preponderance of the evidence that she is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### III. DISCUSSION

**A.    Arias Perez is a member of the *Rodriguez Vazquez v. Bostock* Bond Denial Class.**

In the traverse, Arias Perez argues that she is entitled to relief as a member of the *Rodriguez Vazquez v. Bostock* Bond Denial Class. Dkt. 8 at 2–3; Dkt. 8-1 at 1. "A Traverse is not the proper pleading to raise additional grounds for relief," which "should be presented in an amended petition or . . . in a statement of additional grounds." *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994). However, given Arias Perez's bond hearing and alternative bond order, the Court can and does exercise its discretion to consider this argument. *See Moore v. McVay*, No. 22-CV-02747-JST, 2023 WL 2541328, at *4 (N.D. Cal. Mar. 15, 2023); *Breverman v. Terhune*, 153 F. App'x 413, 414 (9th Cir. 2005).

In *Rodriguez Vazquez*, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Rodriguez Vazquez v. Bostock*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *6 (W.D. Wash. Sept. 30, 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3

Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.* at \*27.

Here, while Federal Respondent expresses her continued disagreement with the Court's order in *Rodriguez Vazquez*, she does not dispute that Arias Perez is a member of the Bond Denial Class for purposes of this matter. Dkt. 11 at 3–4.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Arias Perez is subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at \*16–27. Arias Perez has thus shown that her mandatory detention under § 1225(b) violates the INA, entitling her to habeas relief. *See* 28 U.S.C. § 2241(c)(3).[2]

**B.        Arias Perez's request for pre-transfer notice is moot.**

In the habeas petition, Arias Perez requests an order "enjoining Respondents from transferring her outside the Western District of Washington while immigration proceedings are pending." Dkt. 1 at 4. Federal Respondent argues that this request is improperly developed and that such an order would impermissibly interfere with the Attorney General's discretion to arrange for an appropriate location of detention for a noncitizen detained pending removal. Dkt. 6 at 2–4; *see* 8 U.S.C. § 1231(g).

The Court construes this request as seeking an order requiring pre-transfer notice until Arias Perez receives habeas relief—once she is released on bond, there will be no potential for transfer. That request was already encompassed by the order entered at Dkt. 4, and it will be moot once this Order granting habeas relief is entered.

---

[2] To the extent that Arias Perez seeks other relief, including the return of personal property and a prohibition on re-detention, those requests have not been sufficiently briefed. *See* Dkt. 8-1 at 2–3.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2.    Within ONE day of this Order, Respondents must either release Petitioner Petra Arias Perez or allow her release upon payment of the alternative bond amount of $8,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 20th day of January, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5